UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DOMINIQUE DANIELS,

             Plaintiff,  **AMENDED COMPLAINT**

      -against-

                07 Civ. 11600 (CM)

THE CITY OF NEW YORK, P.O. RAFAEL DEJESUS,
SGT. RODNEY VEGA, P.O. JAYDEEN VEGA, P.O. **JURY TRIAL DEMANDED**
JASON PERI, P.O. THOMAS BEAUMONT, and P.O.s
JOHN and JANE DOE #1-10, individually and in their
official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

             Defendants.

------------------------------------------------------------------------X

   Plaintiff DOMINIQUE DANIELS, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

   1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

### JURISDICTION

   2.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

   3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

   4.  Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b),

in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DOMINIQUE DANIELS is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. RAFAEL DEJESUS, SGT. RODNEY VEGA, P.O. JAYDEEN VEGA, P.O. JASON PERI, P.O. THOMAS BEAUMONT, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. On September 29, 2006, at approximately 7:00 p.m., plaintiff DOMINIQUE DANIELS was lawfully present in front of 1133 Boston Road, in the County of Bronx, in the City and State of New York.

14. At aforesaid time and place, plaintiff DOMINIQUE DANIELS was suddenly accosted by members of the New York City Police Department.

15. Defendants sprayed plaintiff DOMINIQUE DANIELS with chemical spray and kicked her in the leg.

16. As a result of this unprovoked assault, plaintiff DOMINIQUE DANIELS sustained, *inter alia*, injuries to her eyes, lips, and leg.

17. Shortly thereafter, plaintiff DOMINIQUE DANIELS was lawfully present at the 42nd Precinct, located at 830 Washington Avenue, in the County of Bronx, in the City and State of New York.

18. Defendants placed plaintiff DOMINIQUE DANIELS under arrest despite defendants' knowledge that they lacked probable cause to do so.

19. Defendants handcuffed plaintiff DOMINIQUE DANIELS too tightly.

20. As a result of being handcuffed too tightly, plaintiff DOMINIQUE DANIELS sustained injuries to her wrists.

21. Plaintiff DOMINIQUE DANIELS was transported from the precinct to Bronx Central

Booking.

22.     Plaintiff DOMINIQUE DANIELS was held and detained in police custody for approximately twenty-four hours.

23.     Defendants initiated criminal proceedings against plaintiff DOMINIQUE DANIELS, despite defendants' knowledge that they lacked probable cause to do so.

24.     During the period between September 29, 2006 and August 23, 2007, plaintiff DOMINIQUE DANIELS was required to make numerous court appearances to defend herself in the criminal proceedings that defendants had initiated against her.

25.     On or about August 23, 2007, all charges against plaintiff DOMINIQUE DANIELS were dismissed.

26.     As a result of the foregoing, plaintiff DOMINIQUE DANIELS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29.     All of the aforementioned acts deprived plaintiff DOMINIQUE DANIELS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30.     The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff DOMINIQUE DANIELS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff DOMINIQUE DANIELS' liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Each and every individual defendant had an affirmative duty to intervene on plaintiff

DOMINIQUE DANIELS' behalf to prevent the violation of her constitutional rights.

38.  The individual defendants failed to intervene on plaintiff DOMINIQUE DANIELS' behalf to prevent the violation of her constitutional rights despite having had a realistic opportunity to do so.

39.  As a result of the aforementioned conduct of the individual defendants, plaintiff DOMINIQUE DANIELS' constitutional rights were violated and she was arrested and subjected to excessive force and sustained physical injuries.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

40.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.  Defendants issued legal process to place plaintiff DOMINIQUE DANIELS under arrest.

42.  Defendants arrested plaintiff DOMINIQUE DANIELS in order to obtain a collateral objective outside the legitimate ends of the legal process.

43.  Defendants acted with intent to do harm to plaintiff DOMINIQUE DANIELS without excuse or justification.

### FIFTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

44.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.  The level of force employed by defendants was objectively unreasonable and in violation of plaintiff DOMINIQUE DANIELS' constitutional rights.

46.  As a result of the aforementioned conduct of defendants, plaintiff DOMINIQUE

DANIELS was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants misrepresented and falsified evidence before the District Attorney.

49. Defendants did not make a complete and full statement of facts to the District Attorney.

50. Defendants withheld exculpatory evidence from the District Attorney.

51. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff DOMINIQUE DANIELS.

52. Defendants lacked probable cause to initiate criminal proceedings against plaintiff DOMINIQUE DANIELS.

53. Defendants acted with malice in initiating criminal proceedings against plaintiff DOMINIQUE DANIELS.

54. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff DOMINIQUE DANIELS.

55. Defendants lacked probable cause to continue criminal proceedings against plaintiff DOMINIQUE DANIELS.

56. Defendants acted with malice in continuing criminal proceedings against plaintiff DOMINIQUE DANIELS.

57. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

58.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff DOMINIQUE DANIELS' favor on or about August 23, 2007, when all charges against her were dismissed.

59.     As a result of the foregoing, plaintiff DOMINIQUE DANIELS sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of her constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants created false evidence against plaintiff DOMINIQUE DANIELS.

62.     Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's office.

63.     Defendants misled prosecutors by providing false testimony throughout the criminal proceedings.

64.     In forwarding false information to prosecutors and in providing false testimony, defendants violated plaintiff DOMINIQUE DANIELS' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants arrested and incarcerated plaintiff DOMINIQUE DANIELS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest

and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

68. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

69. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to using excessive force, and arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

70. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **William Springer v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 6845;

- **Chasity Rivera v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 6769;

- **Rafael Santana v. City of New York,** United States District Court, Eastern District of New York, 06 Civ. 2411.

71. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff DOMINIQUE DANIELS.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DOMINIQUE DANIELS as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff DOMINIQUE DANIELS as alleged herein.

75. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DOMINIQUE DANIELS was falsely arrested and incarcerated.

76. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DOMINIQUE DANIELS.

77. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff DOMINIQUE DANIELS' constitutional rights.

78. All of the foregoing acts by defendants deprived plaintiff DOMINIQUE DANIELS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon her;

    D. To be free from malicious abuse of process;

    E. To be free from unwarranted and malicious criminal prosecution;

    F. Not to have cruel and unusual punishment imposed upon her; and

    G. To receive equal protection under the law.

79. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

## PENDANT STATE CLAIMS

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. On or about December 26, 2006, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

82. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

83. The City of New York failed to schedule a hearing pursuant to General Municipal Law § 50-h and such hearing is accordingly deemed waived.

84. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

85. Plaintiff has complied with all conditions precedent to maintaining the instant action.

86. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendant police officers arrested plaintiff DOMINIQUE DANIELS in the absence of probable cause and without a warrant.

89. As a result of the aforesaid conduct by defendants, plaintiff DOMINIQUE DANIELS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

90. The aforesaid actions by the defendants constituted a deprivation of plaintiff DOMINIQUE DANIELS' rights.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

91. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. As a result of the foregoing, plaintiff DOMINIQUE DANIELS was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

93. Plaintiff DOMINIQUE DANIELS was conscious of said confinement and did not consent to same.

94. The confinement of plaintiff DOMINIQUE DANIELS was without probable cause and was not otherwise privileged.

95. As a result of the aforementioned conduct, plaintiff DOMINIQUE DANIELS has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

96. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Defendants' aforementioned actions placed plaintiff DOMINIQUE DANIELS in apprehension of imminent harmful and offensive bodily contact.

98. As a result of defendants' conduct, plaintiff DOMINIQUE DANIELS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Defendant police officers touched plaintiff DOMINIQUE DANIELS in a harmful and offensive manner.

101. Defendant police officers did so without privilege or consent from plaintiff DOMINIQUE DANIELS.

102. As a result of defendants' conduct, plaintiff DOMINIQUE DANIELS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

103. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Defendant police officers issued legal process to place plaintiff DOMINIQUE DANIELS under arrest.

105. Defendant police officers arrested plaintiff DOMINIQUE DANIELS to obtain a collateral objective outside the legitimate ends of the legal process.

106. Defendant police officers acted with intent to do harm to plaintiff DOMINIQUE DANIELS, without excuse or justification.

107. As a result of the aforementioned conduct, plaintiff DOMINIQUE DANIELS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

108. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

110. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

111. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

112. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff DOMINIQUE DANIELS.

113. As a result of the aforementioned conduct, plaintiff DOMINIQUE DANIELS suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

114. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. On or about September 29, 2006, the defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiff DOMINIQUE DANIELS, and falsely and maliciously, and without probable cause, charged plaintiff with crimes.

116. Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiff DOMINIQUE DANIELS had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there was no need for the arrest and imprisonment of plaintiff.

117. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff DOMINIQUE DANIELS.

118. Defendants lacked probable cause to initiate criminal proceedings against plaintiff DOMINIQUE DANIELS.

119. Defendants were motivated by actual malice in initiating criminal proceedings against

plaintiff DOMINIQUE DANIELS.

120. Defendants misrepresented and falsified evidence before the District Attorney.

121. Defendants did not make a complete and full statement of facts to the District Attorney.

122. Defendants withheld exculpatory evidence from the District Attorney.

123. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff DOMINIQUE DANIELS.

124. Defendants lacked probable cause to continue criminal proceedings against plaintiff DOMINIQUE DANIELS.

125. Defendants were motivated by actual malice in continuing criminal proceedings against plaintiff DOMINIQUE DANIELS.

126. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings ended in a favorable termination when all charges against plaintiff DOMINIQUE DANIELS were dismissed on August 23, 2007.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

127. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff DOMINIQUE DANIELS.

129. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. RAFAEL DEJESUS, SGT. RODNEY VEGA, P.O. JAYDEEN VEGA, P.O. JASON PERI, P.O. THOMAS BEAUMONT, and P.O.s

JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

130. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff DOMINIQUE DANIELS.

132. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff DOMINIQUE DANIELS demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:     New York, New York
           April 17, 2008

                                    _____/s_____
                                    ROSE M. WEBER (RW 0515)
                                    225 Broadway, Suite 1607
                                    New York, NY 10007
                                    (212) 748-3355